### PHILLIPS v. PIKE et al.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

POWERS—EXECUTION—CONSTRUCTION AND OPERATION.

> A will gave property to trustees to pay the income to testatrix's daughter for life, and upon her death to transfer the principal to whomsoever the daughter should appoint during her lifetime or by will. She appointed a person by deed, and he in turn conveyed the estate thus vested in him to the life tenant. The life tenant conveyed to herself all the title in the property, and the trustees conveyed the residuary estate to her, pursuant to a decree of the Surrogate's Court. *Held*, that the instrument exercising the power of appointment took effect upon execution, and the appointee became the owner of a vested remainder, as if he had been designated by the testatrix, and, he having conveyed it to the life tenant, the latter might convey the life estate to herself as an individual and owner of the remainder, and terminate the trust, under the express provisions of Laws 1893, p. 939, c. 452.

Appeal from Special Term.

Partition action by David L. Phillips against Harry F. Pike and others, in which Louis Norman and another, purchasers at the sale, intervene. From an order requiring the purchasers to complete the purchase, they appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Walter Frank, for appellants.
Peter B. Olney, for respondent Phillips.
Lucien B. Chase, for respondents Chase and Pike.
Lewis M. Isaacs, for respondents Phillips and Scher.

INGRAHAM, J. The will of Hannah Benrimo, which was dated April 13, 1892, gave, devised, and bequeathed one-half of the remainder of her estate to trustees, to pay over and apply the income thereof to the use of her daughter, the defendant Emma Chase, during the term of her natural life, and upon her death "to transfer, pay over, assign, and convey the principal of said trust estate to such person or persons, and in such sums and proportions to each, as my said

daughter Emma may give, appoint, or transfer the same absolutely or in trust, by any instrument in writing under her hand and seal delivered in her lifetime, or may give, devise, bequeath, or appoint in or by her last will and testament or instrument in the nature thereof, and I hereby give, grant, and confer upon my said daughter Emma full power of appointment to dispose of said principal of the said trust fund in either of the ways above mentioned," with a further provision that in case her daughter Emma should die without having disposed of or appointed the disposition of the said trust property, and should leave a child or children, then upon her death the principal or corpus of the said trust fund should go to such child or children, and in the event that her said daughter Emma should die leaving no child or children, without having disposed of said trust fund, to her son and daughter. On the 30th of June, 1894, the daughter Emma, by an indenture duly executed, acknowledged, and delivered, exercised this power of appointment in favor of Lucien B. Chase, and appointed him to receive the trust property upon her death. I think that Chase by this appointment became vested with the residuary estate. By deed dated June 30, 1904, reciting the will of testatrix and the exercise of the power of appointment by deed in his favor, Chase conveyed the remainder which had vested in him by virtue of this deed to the life tenant. The life tenant, being entitled to the estate for her life and also owner of the remainder, under the provisions of chapter 452, p. 939, of the Laws of 1893, conveyed to herself all the right, title, and interest in this real property, and thereby claimed to be entitled to the real property discharged of the trust. On January 20, 1898, the two trustees united in a conveyance as trustees of all this residuary estate to the life tenant, who therefore claimed to be the owner of the fee. This conveyance was in pursuance of a decree of the Surrogate's Court directing such a conveyance, which decree was made on January 18, 1898, on a trustees' accounting before the surrogate. The testatrix died in January, 1893, and her will was admitted to probate on the 17th of January, 1893. The interlocutory judgment in this action under which this sale took place was entered on the 5th of March, 1907, and directed a sale of the property. The testatrix was the owner of an undivided one-third interest in the property, and by the will she left one half of this third to the defendant Harry F. Pike, and the other half for the benefit of her daughter, who is now the defendant Emma Chase, with a remainder over as before stated. The judgment determined that Emma Chase was seised and possessed of $^6/_{36}$ of the said property.

The counsel for the purchaser in his brief says that the whole question resolves itself into this: Did Lucien B. Chase take a contingent or absolute vested remainder under the deed of appointment executed by Emma Chase? I think that, upon the execution and delivery of the deed by which the power of appointment was exercised, Chase became vested with a remainder which would descend to his heirs at law or devisees upon his death. When the power of appointment was exercised in his favor, Chase became entitled to the remainder as if he had been designated by the testatrix as the person to whom the property should go upon the death of the life tenant. The vesting

of the property in the person appointed to receive it was not, either in the will or the instrument by which the power was exercised, dependent upon that person surviving the grantee of the power. The instrument executing the power of appointment took effect upon the execution and delivery, and Chase then became vested with the remainder; no power being reserved to divest it. In Matter of U. S. Trust Company, 175 N. Y. 304, 67 N. E. 614, the Court of Appeals discussed this provision of Laws 1893, p. 939, c. 452, and the real property law (chapter 417, p. 507, of the Laws of 1897), and their opinion seems to confirm the power of the Legislature to enact these laws. I think, therefore, that upon the execution of this power of appointment Chase became absolutely entitled to the remainder, as if his name had been inserted in the will as the remainderman, and as such he could convey the remainder, which was not in any sense contingent upon his surviving the life tenant. It would seem, therefore, that this conveyance of property to the life tenant, and her conveyance of the life estate to herself as an individual and owner of the remainder, terminated the trust. It follows that there was no person who had any interest in the property not a party to the partition action and that the title conveyed by the referee's deed was good.

The order, therefore, should be affirmed, with $10 costs and disbursements. All concur.

---

### LOEWE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

CARRIERS—INJURIES TO PASSENGERS—INSTRUCTIONS.

Appeal from Trial Term.